**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**KEVIN BALDWIN D/B/A M.O.P3,**

                    **Plaintiff,**

          **- against -**

**INTERSCOPE RECORDS, INC.,**

                    **Defendant.**

---

**19-cv-8923 (JGK)**

**MEMORANDUM OPINION & ORDER**

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Kevin Baldwin, doing business as "M.O.P3", has brought this action, seeking a declaratory judgment and damages against Interscope Records, Inc. ("Interscope"), based on allegations that he owns the exclusive rights to recording artist Audrey Ducasse's ("Melii") recordings services and copyrights ("Melii Copyrights"), and that Interscope exploited such rights. The defendant moves to dismiss the plaintiff's second amended complaint ("SAC"), because the plaintiff failed to join as a defendant, Melii, who Interscope argues is an indispensable party.[1] For the reasons explained below, the defendant's motion is **granted.**

---

[1] Although the defendant styled its motion a Rule 12(b)(6) motion, the defendant seeks dismissal of the SAC for failure to join a party, and thus it is properly construed as a motion pursuant to Rules 12(b)(7) and 19. In any event, the Second Circuit Court of Appeals has made clear that, "[b]ecause Rule 19 protects the rights of an absentee party, both trial courts and appellate courts may consider this issue sua sponte even if it is not raised by the parties to the action." MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 382-83 (2d Cir. 2006).

## I.

The following facts are taken from the SAC, as well as exhibits and declarations submitted by the parties.

The plaintiff Baldwin, conducting business as M.O.P3, is a citizen and resident of Maryland and operates an "independent record production and distribution company." SAC ¶ 6.  The plaintiff has alleged that "Interscope LLC" is a "Delaware corporation, registered to do business in the State of New York, with a place of business" in Los Angeles, California.  SAC ¶ 7.[2] Melii is a professional recording artist, who entered into an exclusive recording agreement with the plaintiff, dated September 28, 2016. SAC ¶¶ 8-9; Mandel Decl., ECF No. 48, Ex. 1 ("Baldwin Agreement").[3]

Among other things, the Baldwin Agreement provides that the plaintiff has exclusive rights to Melii's "personal services as a recording artist," and requires Melii to record a certain minimum number of recordings during the contract term. SAC ¶ 10; Baldwin Agreement ¶¶ 5.1, 5.3. The Baldwin Agreement also grants the plaintiff exclusive rights to all master records or other recorded products, including music videos, all previously

_____

[2] The defendant has supplied an affidavit stating that Interscope is a division of UMG Recordings, Inc., not a separate legal entity. Mandel Decl., ECF No. 48, ¶ 1. However, the defendant has not contested the characterization of its citizenship for purposes of diversity jurisdiction.
[3] Ms. Ducasse originally performed under the name "Meli," which is the name that appears on the Baldwin Agreement, but changed her stage name to "Melii" at some point after signing that agreement. Baldwin Decl. ¶ 8.

recorded products, and the right to all performance income. SAC ¶ 11; Baldwin Agreement ¶¶ 11.1, 11.3. The Baldwin Agreement also appears to grant the plaintiff the "exclusive right . . . to enter into agreements with respect to the sponsorship and/or endorsement by [Melii] of any and all products and services" and provides that all of Melii's sponsorships or endorsements "shall be subject to [the plaintiff's] final approval." Baldwin Agreement ¶ 12.2. Melii is also prohibited from entering into "any agreement that would interfere with the full and prompt performance of [her] obligations under the [Baldwin Agreement] and will not, without [the plaintiff's] prior written consent, perform or render any services . . . for the purpose of making recording or master recordings for any person other than M.O.P3." Id. ¶ 15.1(b). In exchange, under the agreement, the plaintiff is responsible for certain obligations, including, among other things, providing recording financing if certain conditions are met, id. ¶ 4.1, and to handle the commercial release of Melii's first album, id. ¶ 7.1.

The Baldwin Agreement purports to run for a "Term" that appears to include a "First Contract Period" until Melii releases her first album, and stipulates that Melii "irrevocably grants" to Baldwin "separate and consecutive options to extend the Term for up to 4 additional" contract periods. Baldwin Agreement ¶¶ 1.9, 2.1, 2.2(a). The Baldwin Agreement contains a

notice of material breach provision that requires a non-breaching party provide notice of the breach and provide an opportunity to cure. Baldwin Agreement ¶ 19.7.  It similarly provides a special notice of breach provision that only applies when the plaintiff is in default and that provides a period for the plaintiff to cure the default. Id. ¶ 18.3.

The Baldwin Agreement also contains a choice of law clause, stating that the "interpretation, validity and enforcement of the present Agreement shall be exclusively governed by, and subject to the laws of Georgia" and that the parties "agree to submit any dispute or litigation arising hereunder to the exclusive jurisdiction of the courts of the City of Atlanta in the state of GA." Id. ¶ 19.18. The same clause also provides: "In the event of any dispute between the parties to this Agreement, the parties hereby agree to submit such dispute to binding arbitration in _____ in accordance with the Commercial Arbitration Act of _____." Id.  The blank spaces to supply both the location and choice of law for the arbitration were left blank. Id.

Melii entered into an exclusive recording agreement with defendant Interscope on December 8, 2017.  The plaintiff alleges that entering into this agreement with Interscope was a "breach of [Melii's] obligations pursuant to Paragraph 5.1" of the Baldwin Agreement. SAC ¶ 14.  The plaintiff alleges that he

4

served notice of a breach, dated April 30, 2019, and a "notice of suspension," dated August 2, 2019, on Melii and the defendant. SAC ¶¶ 15-17.

Melii has submitted a declaration stating that, although she did enter into the Baldwin Agreement, she "was not represented by a lawyer, and was not given the opportunity to review the agreement in detail as it was thrust upon me in a car to sign on the spot." Melii Decl. ¶ 2. Melii states that she was "never paid any money by [the plaintiff]," which she suggests is counter to certain obligations in the Agreement. Melii Decl. ¶ 3. Melii also has stated that in March 2017, her attorney "sent an e-mail to [the plaintiff] declaring that the [Baldwin Agreement] was 'hereby terminated immediately and void ab initio.'" Melii Decl. Ex. A; Melii Decl. ¶ 5. Melii has stated that she took that action after the plaintiff made demands of her not within the scope of the Baldwin Agreement, including that she move in with him, and after he began threatening her and her family. Melii Decl. ¶ 5. Melii has stated that any recordings she has made were "created under [the Interscope Agreement]" and were "financed entirely by Interscope without any participation by [the plaintiff]." Id. ¶ 7. Finally, Melii has stated that if the Baldwin Agreement is deemed still to be valid, it would "adversely impact [her] economically and professionally." Id. ¶ 8. The plaintiff has submitted an

affidavit stating that Melii never served a notice of breach on him, or otherwise made a claim that the agreement was invalid. Baldwin Decl. ¶ 15.  He later clarified that he did not see the alleged termination notice "as it was sent only by electronic mail" after the plaintiff was incarcerated. Baldwin Sur Reply Decl. ¶ 18.

The defendant submitted evidence that the plaintiff never recorded the Baldwin Agreement with the U.S. Copyright Office, and that Interscope Records submitted its agreement for recordation with the U.S. Copyright Office on June 11, 2020. Kjellberg Decl. ¶ 2.  The plaintiff appears to concede that Interscope was the first to file, but suggests that Interscope's actions were not conducted in good faith, or without notice of the Baldwin Agreement. Pl.'s Sur Reply at 4.

The plaintiff originally filed a complaint on September 25, 2019 and then an amended complaint on October 21, 2019, naming both Melii and Interscope as defendants. According to a joint letter from the parties dated February 26, 2020, Melii indicated that she intended to compel arbitration of any disputes with the plaintiff regarding the Baldwin Agreement, and thus the plaintiff sought leave to file the SAC to "delete the claims against [Melii]" and any "tortious interference claim" to "resolve the arbitration issue." ECF No. 40. The plaintiff then

filed the SAC on March 16, 2020, without naming Melii as a
defendant.

The defendant has stated that it is willing to waive any
statute of limitations defenses available, to provide time for
the plaintiff to proceed and conclude any arbitration with
Melii, before proceeding with his claims against the defendant.
Def.'s Reply Br. at 5.

**II.**

Rule 12(b)(7) provides that a Court may dismiss an action
for failure to join a party required under Federal Rule of Civil
Procedure 19. Fed. R. Civ. P. 12(b)(7). "[B]efore ruling on a
Rule 12(b)(7) motion, a court must first determine whether the
absent party is a 'necessary' party under Rule 19(a)." Ray Legal
Consulting Grp. v. DiJoseph, 37 F. Supp. 3d 704, 717 (S.D.N.Y.
2014); Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir.
2000).[4]

Federal Rule of Civil Procedure 19 establishes a two-prong
test for determining whether an action must be dismissed for
failure to join an indispensable party. Viacom Int'l, 212 F.3d at
724.  The first prong of the test, embodied in Rule 19(a),
determines whether a party is necessary, such that the party
should be joined if feasible. Associated Dry Goods Corp. v.

---

[4]  Unless otherwise noted, this Memorandum Opinion and Order omits all
alterations, omissions, emphasis, quotation markets, and citations in quoted
text.

Towers Financial Corp., 920 F.2d 1121, 1123 (2d Cir. 1990).

Specifically, Rule 19(a)(1) defines a "required party" as

follows:

> A person who is subject to service of process and
> whose joinder will not deprive the court of
> subject-matter jurisdiction must be joined as a
> party if:
> > **(A)** in that person's absence, the court cannot
> > accord complete relief among existing parties;
> > or
> > **(B)** that person claims an interest relating to
> > the subject of the action and is so situated
> > that disposing of the action in the person's
> > absence may:
> > > **(i)** as a practical matter impair or
> > > impede the person's ability to protect
> > > the interest; or
> > > **(ii)** leave an existing party subject to
> > > a substantial risk of incurring double,
> > > multiple, or otherwise inconsistent
> > > obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If a person is deemed to be necessary

as a "required party," under Rule 19(a), the Court "must order"

that the party be joined as a party. Fed. R. Civ. P. 19(a)(2).

But, if the court determines that a person is a required party

under Rule 19(a), but cannot be joined, it then proceeds to the

second step in the analysis and, applying Rule 19(b), inquires

whether "in equity and good conscience, the action should

proceed in the necessary party's absence." Associated Dry Goods

Corp., 920 F.2d at 1124. To guide this inquiry, Rule 19(b)

instructs courts consider four factors:

> **(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> **(2)** the extent to which any prejudice could be lessened or avoided by:
>> **(A)** protective provisions in the judgment;
>> **(B)** shaping the relief; or
>> **(C)** other measures;
> **(3)** whether a judgment rendered in the person's absence would be adequate; and
> **(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). When determining whether a party is necessary and indispensable under Rule 19, a court should generally "base its decision on the pleadings as they appear at the time of the proposed joinder." Associated Dry Goods Corp., 920 F.2d at 1124. The burden is on the moving party "to show the nature of the unprotected interests of the absent individuals . . . and the possibility of injury to them or that the parties before the court will be disadvantaged by their absence." United States v. Sweeny, 418 F. Supp. 2d 492, 499 (S.D.N.Y. 2006). In order to meet this burden "it may be necessary to present affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence." Id. "If the initial assessment reveals the possibility that an unjoined party is required to be joined under Rule 19, the burden shifts to the opposing party to negate this conclusion." Id.

### III.

The plaintiff has alleged that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, because the plaintiff is a citizen of Maryland, the defendant is incorporated in Delaware with its principal place of business in California, and the SAC alleges an amount in controversy of over $ 75,000.  The plaintiff's assertion that venue is proper because the defendant conducts business within this district is uncontested.

The defendant has moved to dismiss the plaintiff's SAC, arguing that Melii is a required party to this dispute, within the meaning of Rule 19(a), and thus must be joined. The defendant argues that the resolution of the plaintiff's claims requires a determination of the validity of the Baldwin Agreement, the parties' respective performance and obligations thereunder, and whether a breach or termination of that agreement occurred. The plaintiff argues that his claims are only against Interscope, for its exploitation of the Melii Copyrights and that Melii does not have an "interest" in this underlying dispute, because she relinquished her ownership interests in the Melii Copyrights pursuant to the Baldwin Agreement.

To determine whether Melii is a required party, the Court must consider whether complete relief can be accorded among existing parties in her absence, Fed. R. Civ. P. 19(a)(1)(A),

and whether the proceeding could "impair or impede" Melii's interests or leave an existing party subject to a "substantial risk" of inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B)(i)-(ii).

To be cognizable as an interest for purposes of Rule 19(a)(1)(B), the interest must be legally protected. Peregrine Myanmar Ltd. v. Segal, 89 F.3d 41, 49 (2d Cir. 1996). Melii, as a party to both the Baldwin Agreement and the Interscope Agreement, has such an "interest" in the action, arising from her being a party to both agreements at issue. The plaintiff has alleged in his complaint that Melii breached the Baldwin Agreement, and his efforts to pursue a declaratory judgment regarding his rights under the Baldwin Agreement necessarily requires an analysis of the respective rights and obligations of the plaintiff and Melii under the Baldwin Agreement, as well as the continuing validity of that agreement. Because a determination of whether the plaintiff or defendant owns the Melii Copyrights depends upon an adjudication of whether Melii or Baldwin breached the Baldwin Agreement, Melii has an interest in the being resolution of that issue. See Ente Nazionale Idrocarburi v. Prudential Sec. Grp., Inc., 744 F. Supp. 450, 458 (S.D.N.Y. 1990) (concluding that the absent party "has both clear rights and affirmative obligations under [a] contract which [the court] must construe" and therefore "has real interests that are

clearly at stake in this action"); see also Felix Cinematogafica v. Penthouse Int'l Ltd., 99 F.R.D. 167, 171 (S.D.N.Y. 1983) (Weinfeld, J.) (concluding that the absent party's interest were "clearly implicated" where claims depended on resolving conflicting agreements, including one to which the absent party was a signatory).

Further, the Court cannot grant complete relief for either the plaintiff or defendant, without adjudicating the plaintiff's dispute with Melii.  The dispute between the plaintiff and Interscope cannot be resolved without determining whether Melii remained bound to the Baldwin Agreement with the plaintiff or could enter into a valid agreement with Interscope.[5]

Indeed, courts in this Circuit have recognized that "[i]t is well-established that a party to a contract which is the subject of the litigation is considered a necessary party." Ryan v. Volpone Stamp Co., Inc., 107 F. Supp. 2d 369, 387 (S.D.N.Y. 2000) (collecting cases). See also, Jonesfilm v. Lion Gate Int'l, 299 F.3d 134, 141 (2d Cir. 2002)("If the resolution of a plaintiff's claim would require the definition of a non-party's rights under a contract, it is likely that the non-party is necessary under Rule 19(a)."); Peregrine Myanmar, 89 F.3d at

---

[5]  If the plaintiff prevails, he has already submitted a declaration stating he believes he has separate claims against Melii, which would remain unresolved.  Further Melii and Interscope might each have claims to pursue against the other.  If Interscope prevails, the plaintiff's alleged separate claims against Melii would remain unresolved.

48 ("The key issue in deciding whether either part of Rule 19(a) applies is the extent to which this case requires a determination of rights and interests under [the contract], to which [the absent entity] is a party."); Global Disc. Travel Servs., LLC v. Trans World Airlines, 960 F. Supp. 701, 707-08 (S.D.N.Y. 1997) ("As a direct party to the contract which is under dispute, [the absent entity] is a necessary party to this litigation [under Rule 19(a)].").

The plaintiff seeks to deemphasize the impact of this dispute on Melii by suggesting he is not suing for "specific performance" of Melii's contractual obligation, but rather just the exclusive right to exploit the Melii Copyrights.  But this oversimplifies the scope of interests cognizable under Rule 19(a) and of the rights and obligations at issue in the Baldwin Agreement.  Melii's rights as a party to both the Baldwin Agreement and the Interscope Agreement plainly are relevant to the dispute between Baldwin and Interscope. If it is determined that the Baldwin Agreement still is valid, the plaintiff would retain—through veto rights, such as in Paragraph 15.1(b)—the ability to prevent Melii from meaningfully pursuing her career during the term of the agreement.  Such a determination would "impair or impede" Melii's ability to protect her interests. Fed. R. Civ. P. 19(a)(1)(B)(i). Moreover, if the plaintiff were to prevail against Interscope, and Melii were to dispute the

13

validity of the Baldwin Agreement while claiming the right to continue to benefit from the Interscope Agreement, Interscope would face a "substantial risk" of incurring inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B)(ii).  Thus, Melii is a necessary party for the present action and must be joined.

Having determined that Melii is a necessary party under Fed. R. Civ. P. 19(a), this Court must order that Melii be joined. Fed. R. Civ. P. 19(a)(2). If joinder of Melii is not feasible, the Court must determine whether she is indispensable, such that the action cannot "in equity and good conscience" proceed without her and thus should be dismissed. Fed. R. Civ. P. 19(b).

An analysis of the four factors in Rule 19(b) shows that Melii is an indispensable party.  First, Melii would be prejudiced because any judgment rendered in the plaintiff's favor would address the validity of the Baldwin Agreement and whether Melii breached her obligations under the agreement. Melii "possesse[s] rights arising from the agreements at issue which are inextricably intertwined with issues bound to be raised in an action solely against [Interscope]." Envirotech Corp. v. Bethlehem Steel Corp., 729 F.2d 70, 75 (2d Cir. 1984).

Second, because of intertwined nature of the agreements, it is not possible for this Court to craft a judgment in Melii's absence that would lessen the potential prejudice to her

14

interests. See Rubler v. Unum Provident Corp., No. 04-cv-7102, 2007 WL 188024, at *2 (S.D.N.Y. Jan. 25, 2007); see also Meyer v. Kalanick, No. 15-cv-9796, 2016 WL 3509496, at *3 (S.D.N.Y. June 20, 2016); Mazzio v. Kane, No. 14-cv-616, 2014 WL 2866040, at *7 (E.D.N.Y. June 24, 2014).

For the third factor (whether a judgment could be adequate in Melii's absence), courts are instructed to consider the "social interest in the efficient administration of justice and the avoidance of multiple litigation." Republic of Philippines v. Pimentel, 553 U.S. 851, 870 (2008). Because a resolution of the claims between the plaintiff and the defendant would leave unresolved either party's potential disputes with Melii, such a partial resolution would increase, rather than decrease, the likelihood of multiple litigations.

Finally, the plaintiff has adequate remedial options if the action is dismissed, because he can proceed with his claims against Melii through arbitration. Because the defendant has offered to waive any statute of limitations defense in future litigation of the plaintiff's claims, the plaintiff is not deprived of remedial opportunities by proceeding in this manner. See Felix Cinematografica, 99 F.R.D. at 172 & n.13.

The plaintiff argues that Melii has never challenged the validity of the Baldwin Agreement because she never effectuated a legally-sufficient notice of termination under the Baldwin

Agreement, and thus she cannot show that she would be impaired or prejudiced.  But, this argument, and the conflicting accounts from Melii and Baldwin in their declarations, underscores the indispensable nature of Melii to the merits of this case, the unfairness of allowing this case to proceed in her absence, and the substantial risk for Interscope that it might incur inconsistent obligations.

Melii has an additional interest that would be prejudiced by this case proceeding in her absence: the interest in having her disputes with Baldwin, including the parties' potential competing allegations of breach, handled in the bargained-for manner, by arbitration. Despite the blanks in the arbitration clause, the plaintiff has not contested its validity, and it evinces clear intent of the parties to arbitrate disputes.  See Bauhini Corp. v. China Nat'l Mach. & Equip. Imp. & Exp. Corp., 819 F.2d 247, 249 (9th Cir. 1987) (arbitration clause, despite blank space for arbitral forum, was still enforceable). Nevertheless, the plaintiff is essentially seeking to enforce the rights he alleges to enjoy based on a contract with Melii, while also seeking to circumvent the same contract's arbitration clause.  Cf. Meyer, 2016 WL 3509496, at *1, *3 (granting motion to dismiss for failure to join Uber, because of Uber's "interest in defending the legality and continued use of" its contracts and noting that plaintiff's decision not to join Uber was

16

"possibly in order to avoid" the arbitration clause in Uber's
user agreements).

Thus, the Court cannot "in equity and good conscience"
allow this action to proceed in the absence of Melii, a required
party.  Associated Dry Goods Corp., 920 F.2d at 1124; Fed. R.
Civ. P. 19(b).  Because the plaintiff is seeking to adjudicate
whether Melii's actions and conduct breached her agreement with
Baldwin, she should be heard regarding her conduct. See
Ente Nazionale, 744 F. Supp. at 460. By contrast, the plaintiff
is not left without remedies if this action is dismissed.  He
may pursue his allegations of Melii's breach through arbitration
and, because the defendant has agreed to waive a statute of
limitations defense, if successful in the arbitration, he may
then proceed against Interscope.

Based on the information before the Court, it is not clear
whether Melii can be joined as a defendant.  Both parties note
that Melii wishes to adjudicate any potential dispute with
Baldwin through arbitration, pursuant to the arbitration clause
in the Baldwin Agreement.  Some courts have found that pre-
existing arbitration agreements are sufficient to preclude the
joinder of a party deemed necessary and indispensable under Rule
19. See, e.g., Meyer v. Kalanick, 291 F. Supp. 3d 526, 536
(S.D.N.Y. 2018). If the plaintiff agrees that the arbitration
clause of the Baldwin Agreement is a mandatory arbitration

agreement to arbitrate disputes, he should pursue his claim against Melii for allegedly breaching the Baldwin Agreement in arbitration.  If the plaintiff does not agree, he should refile his complaint, joining Melii, who can then move to compel arbitration. However, although the plaintiff's original complaint and first amended complaint alleged Melii was a citizen of New York, the plaintiff's SAC does not plead facts regarding Melii's citizenship. As a result, this Court cannot determine whether Melii's joinder would deprive this Court of diversity jurisdiction.

Therefore, the plaintiff's SAC is dismissed, and the plaintiff is instructed to refile a Third Amended Complaint within 60 days with Melii joined as a defendant.  If Melii seeks to compel arbitration and there is in fact an arbitration agreement, the case may have to be stayed pending arbitration. The defendant has agreed to waive any statute of limitations defenses, and therefore this process should not prejudice the plaintiff.

In addition, in his motion papers, the plaintiff also states that "a company call[ed] Rule #1 Music" may claim "ownership rights on the copyright registrations" for Melii Copyrights. Pl.'s Br. at 1 & n. 2.  Rule #1 Music is not mentioned in the plaintiff's SAC and is not joined as a defendant. Counsel for the plaintiff has submitted an affidavit

stating that she discovered that "Rule #1 Music" is listed as a co-owner of the copyright for Melii Master's along with Interscope Records on May 29, 2020. ECF No. 53. At this stage, the Court need not determine whether "Rule #1 Music" is a required party, or whether Interscope (or UMG) sufficiently represents Rule #1 Music's interests; but the plaintiff is encouraged to conduct careful diligence and amend his Complaint to join all of the required parties for his claims.

### CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the reasons explained above, the defendant's motion to dismiss for failure to join a party is **granted.**  The plaintiff may file an Amended Complaint within sixty (60) days of the date of this Memorandum Opinion and Order. The Clerk is directed to close Docket No. 47.


**SO ORDERED.**

**Dated:   New York, New York**
**         March 4, 2021                    /s/ John G. Koeltl**
**                                         John G. Koeltl**
**                              United States District Judge**