UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KEVIN BALDWIN,

                              Plaintiff,                          19-CV-08923 (JGK)(SN)

               -against-                                        **ORDER**

BLACKGROUND-INTERSCOPE RECORDS,
LLC, et al.,

                              Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       This case has a long and complicated procedural history. As is relevant here, Plaintiff filed a Complaint and then a First Amended Complaint against Interscope Records, Inc. and Audrey Ducasse, p/k/a Melii ("Melii"). Although a certificate of default was first entered against Melii, it was vacated when her counsel appeared. ECF No. 39. Thereafter, Melii indicated, through counsel, her intention to move to compel arbitration of the dispute as contemplated by the Recording Agreement (that is at the heart of his lawsuit). Rather than litigate the motion to compel, "in order to resolve the arbitration issue," Plaintiff sought leave to file a Second Amended Complaint, which would *not* name Melii as a party. ECF No. 40. That application was granted, and Plaintiff filed a Second Amended Complaint against only Interscope Records. ECF No. 42. Interscope Records then moved to dismiss the Second Amended Complaint on the grounds that Melii was an indispensable party. ECF No. 47. Although no longer a defendant, Melii filed a declaration in support of Interscope Records' motion to dismiss. ECF No. 58. Attached to that declaration is a March 28, 2017 email from Melii's then lawyer, purporting to terminate the Recording Agreement. The Court granted Interscope Records' motion on the

grounds that Melii was an indispensable party and granted Plaintiff leave to amend the complaint. Accordingly, Plaintiff filed a Third Amended Complaint against Melii, Interscope Records, and Rule #1 Music Inc. ECF No. 68. Soon thereafter, Melii's counsel filed a letter that he had "resigned" and requested that the Clerk of Court terminate counsel's appearance. The request was granted. ECF No. 76. Despite Melii's pro se status, the Court did not simultaneously request that the case be designated as pro se, and it is not apparent that Court filings were sent to Melii by the Clerk of Court.

Plaintiff eventually settled with Interscope Records and Rule # 1 Music, and Plaintiff moved for entry of default against Melii. The Court has issued several orders related to this case since then, many of which do not appear to have been served on Melii. See, e.g., ECF Nos. 100, 102, and 124.

The Court is concerned that Melii has not received adequate notice of the recent proceedings against her. This concern is magnified given that (1) she previously appeared through counsel and expressed an interest in arbitrating this dispute, (2) her lawyer "resigned" just after she was named in the Third Amended Complaint but before service; and (3) she previously cooperated with Interscope Records and its counsel. Although Plaintiff has served Melii by email with certain of his filings, there is no confirmation that she is receiving them.

Before the Court will consider Plaintiff's request for default judgment, the interests of justice are best served by confirming that Melii is aware of this action and affirmatively choosing to default. Accordingly, the Court directs the Clerk of Court to send this order to Jonathan D. Davis, prior counsel for Melii, and Richard Stephen Mandel, counsel to Interscope Records. The Court requests that these lawyers undertake a meaningful effort to notify Melii of the pending motion for default judgment. By August 1, 2023, Davis, Mandel, Melii and/or an attorney on

behalf of Melii is ORDERED to file a status letter advising the Court of efforts made to contact Melii or, if Melii has appeared (personally or through counsel), how she intends to proceed. The Court thanks Attorneys Davis and Mandel for their assistance in this regard.

Separately, the Clerk of Court is directed to designate this case as "pro se" and ensure that all court filings are mailed to Defendant Melii.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   July 19, 2023
         New York, New York