UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __ 9/21/2023
```

KEVIN BALDWIN,

                          **Plaintiff,**

           -against-

BLACKGROUND-INTERSCOPE
RECORDS LLC, et al.,

                        **Defendants.**

-----------------------------------------------------------------X

                        **19-CV-08923 (JGK)(SN)**

                        <u>ORDER</u>

SARAH NETBURN, United States Magistrate Judge:

      This case has a long and troubling history. Currently before the Court is Plaintiff's

motion for a default judgment against Defendant Audrey Ducasse p/k/a Melli ("Melli").

Although Melii has failed to respond to the motion, she has not been entirely absent from this

case either. Indeed, her most significant action in the case was to exercise her right to arbitrate

under the Governing Law Provision of her Recording Agreement with Plaintiff. Considering this

conduct and the express terms of the Governing Law Provision, the Court ORDERS Defendant

to show cause why the Court should not enforce that provision and dismiss this case for failure to

file in the parties' agreed-upon forum.

## BACKGROUND

      Plaintiff and Melii entered into a Recording Agreement on September 28, 2016. ECF No.

112-2 (the "Recording Agreement"). As relevant here, the Agreement includes a Governing Law

Provision, which provides: "The parties agree to submit any dispute or litigation arising

hereunder to the exclusive jurisdiction of the courts of the city of <u>Atlanta</u> in the state of <u>GA</u>."

Recording Agreement, ¶ 19.18 (emphasis in original). The Governing Law Provision also includes an arbitration clause for disputes between the parties to the Agreement.

Plaintiff filed this case on September 25, 2019, and filed an Amended Complaint on October 21, 2019. ECF Nos. 1, 12. The Amended Complaint was brought against Melli and Interscope Records, her then-recording agent, and alleged, among other things, that Melli breached her exclusive Recording Agreement with Plaintiff. Counsel appeared for Melii on February 11, 2020, and the Court extended her time to respond to the Amended Complaint to March 6, 2020. Before that deadline, however, Plaintiff filed a letter with the Court stating that Melli "indicated that she intended to move under the Federal Arbitration Act ("FAA") to compel arbitration and to stay this action pending the determination of the motion." ECF No. 40. For the express purpose of avoiding that motion, Plaintiff elected to file a Second Amended Complaint to "delete" Melii. Id.

Plaintiff's Second Amended Complaint was filed on March 16, 2020, against only Interscope Records. ECF No. 42. Interscope Records moved to dismiss the Second Amended Complaint on the grounds that Melli was a necessary party. Melii, now a non-party, supported the motion by filing a declaration. When granting that motion, the Court recognized that Melli had previously expressed her desire to enforce the arbitration clause found in the Governing Law Provision of the Recording Agreement. ECF No. 67 at 17 ("Both parties note that Melii wishes to adjudicate any potential dispute with Baldwin through arbitration, pursuant to the arbitration clause in the Baldwin Agreement."). Accordingly, the Court dismissed the Second Amended Complaint and directed Plaintiff "to either pursue his claim against Melii for allegedly breaching the Baldwin Agreement in arbitration" or file a Third Amended Complaint, "joining Melii, who

can then move to compel arbitration." <u>Id.</u> at 18. He elected to file a Third Amended Complaint. ECF No. 68.

Following the filing of the Third Amended Complaint, Defendant Interscope Records was granted an extension to answer. That application was made in part because "Plaintiff's counsel has indicated an intention to move to stay the litigation pending arbitration with Defendant Audrey Ducasse p/k/a Melii." ECF No. 73.

Despite all this, Melii's counsel moved to withdraw on the ground that counsel's relationship with Melii terminated when she was dropped from the Second Amended Complaint. ECF No. 75. The Court summarily granted the motion to withdraw without confirming that Melii was aware that she was named in the Third Amended Complaint or that new counsel would appear on her behalf.

Melii never answered the Third Amended Complaint, and the Court entered a default on March 18, 2022.[1] ECF No. 100. Since then, the Court has undertaken significant efforts to locate Melii, including by seeking assistance from Interscope Records' prior counsel. ECF No. 126. According to that lawyer, he spoke with Melii who "stated that she was unaware of the default judgment motion or even that this case was still ongoing. She indicated that she did wish to defend herself in the lawsuit and that she intended to find a lawyer to represent her." ECF No. 127. According to this lawyer, Melii requested that the Court communicate with her by email through her former assistant and friend, Ruth Hichez. <u>Id.</u> Mail to Melii's address listed on the docket has been returned as undeliverable.

---

[1] Ironically, the claims against Interscope Records – for which Melii was deemed a necessary party – have settled. ECF No. 91.

The Court *sua sponte* granted Melii one month to locate counsel, though it is unclear that Melii has received the Court's orders. See ECF No. 128 (returned as undeliverable). The Court also scheduled a conference call, but Melii did not appear.

Plaintiff's motion for default judgment is pending. In it, Plaintiff acknowledges that the "Recording Agreement provides for jurisdiction in Georgia and for arbitration." ECF No. 121-1, Plf. Proposed Findings of Fact and Conclusions of Law ("FFCL") at 4. Plaintiff argues, however, that Melii has "waived or forfeited the jurisdictional provision by appearing in this action, in person or by counsel, including submitting a declaration in support of [Interscope Records'] Motion to Dismiss the Complaint . . ., and failing to move to compel arbitration or move to dismiss based upon jurisdiction."

Plaintiff's waiver arguments may be unavailing. As a legal matter, it is unclear whether Melii should be deemed to have appeared in this action. While her counsel appeared before her answer was due, Plaintiff quickly dismissed the claims against Melii to avoid her anticipated motion to compel arbitration. Issue was never joined on the claims against Melli. When Melii filed her declaration in support of Interscope Records' motion to dismiss, she was a non-party with no ability to enforce the forum-selection clause. Even when the Third Amended Complaint was filed, Plaintiff's counsel indicated an intention to stay the litigation pending arbitration with Melii. Melii, now without counsel (and potentially without notice) never answered the Third Amended Complaint and never moved to compel arbitration despite a clearly expressed desire to do so when she did have counsel.

## DISCUSSION

"[F]orum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."

TradeComet.com LLC v. Google, Inc., 647 F.3d 472, 475 (2d Cir. 2011) (quotations omitted). The Atlanta, GA forum-selection clause is in the Governing Law Provision, the same provision that includes the arbitration clause, which Melii has repeatedly expressed her desire to enforce. Thus, the Court can infer that Melii agrees that the Governing Law Provision is enforceable against the parties. But because Melii has never filed a response to a complaint in this action – indeed, she was originally dropped to avoid the motion to compel arbitration – she should not be deemed to have waived the forum selection clause by her conduct.

Accordingly, the Court seeks further briefing on whether it should enforce the forum selection clause and dismiss this action. See Coca-Cola Refreshments USA, Inc. v. Soho Snacks, Inc., No. 17-cv-2092 (NGG)(SJB), 2019 WL 1150564, at *2 (E.D.N.Y. Feb. 7, 2019) (recommending vacating default in light of the contractual forum selection clause); U.S. ex rel. QSR Steel Corp., LLC v. Safeco Ins. Co. of Am., No. 14-cv-1017 (VAB) at *5 (D. Conn. July 16, 2015) (transferring case sua sponte where it was brought in venue not specified in forum selection clause); Nat'l Union Fire Ins. Co. of Pittsburgh, v. Nettle, No. 86-cv-7479, 1989 WL 39673, at *4 (S.D.N.Y. Apr. 17, 1989) (vacating default judgment where lawsuit was brought in venue not specified in forum selection clause); NeighborCare of N.H., LLC v. New Hope Systems-Bedford, LLC, No. 13-cv-014 (SM), 2013 WL 5739084, at *4 (D.N.H. Oct. 21, 2013) (denying motion for default judgment for claim brought in venue not specified in forum selection clause); Aiyegbusi v. Knight, No. 07-2766, 2008 WL 370619, at *3 (E.D. Pa. Feb. 7, 2008) (vacating default judgment where lawsuit was brought in venue not specified in forum selection clause).

## CONCLUSION

Within two weeks of this order, the parties shall file a letter brief, of no more than five

pages, addressing whether this action should be dismissed pursuant to the forum selection clause

of the Governing Law Provision.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:        New York, New York
              September 21, 2023